### COYLE v. METROPOLITAN LIFE INS. CO.

·(Common Pleas of New York City and County, General Term. October 2, 1893.)

WITNESS—CREDIBILITY—WIFE OF PLAINTIFF.
   Plaintiff's wife is an interested witness where a decision adverse to plaintiff would tend to convict her of a fraud against defendant, and her testimony is subject to discredit, though it may not have been contradicted, and though her veracity may not have been impeached.

Appeal from first district court.

Action by William J. Coyle against the Metropolitan Life Insurance Company to recover the amount payable on the death of the insured to plaintiff as beneficiary in a policy of insurance made by defendant. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

William H. Arnoux, for appellant.
Henry J. Hemmens, for respondent.

PER CURIAM. Plaintiff's right of recovery in this action was wholly dependent upon the degree of credibility which the trial justice, in the proper exercise of his judicial discretion, saw fit to attach to the testimony of plaintiff's wife. She was a witness interested in the event of the action, since the result of the trial adversely to plaintiff would tend to convict her of an attempted fraud upon the defendant. Her testimony, therefore, was not conclusive, but was subject to discredit, though she may not have been directly contradicted, and her general character for truth and veracity may not have been impeached. That the consideration of the above was disregarded by the justice on the trial of this action, and that the judgment appealed from proceeded from facts assumed, and of which there was no evidence, is too apparent to admit of dispute. Justice requires that there should be a new trial. Judgment reversed, and new trial ordered, with costs of this appeal and of the court below to the party prevailing on the new trial.